**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
_(State)_

Case number _(if known)_: _____ Chapter __11__

❑ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, _Instructions for Bankruptcy Forms for Non-Individuals_, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Prospect CharterCARE RWMC, LLC |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and _doing business as_ names | Roger Williams Medical Center |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 4 6 _ 4 6 4 8 4 6 5 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 3824    Hughes Avenue<br>Number    Street | Number    Street |
| | P.O. Box |
| Culver City    CA    90232<br>City    State    ZIP Code | City    State    ZIP Code |
| Los Angeles<br>County | **Location of principal assets, if different from principal place of business**<br><br>Number    Street<br><br>City    State    ZIP Code |

5. **Debtor's website** (URL)    https://www.pmh.com

| Debtor | Prospect CharterCARE RWMC, LLC | Case number *(if known)* |
|--------|--------------------------------|--------------------------|
| | Name | |

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☑ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

__6__ __2__ __1__ __1__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
MM / DD / YYYY

District _____  When _____  Case number _____
MM / DD / YYYY

| Debtor | Prospect CharterCARE RWMC, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor ___See attached Rider 1___   Relationship _____

District _____   When _____
MM / DD / YYYY

Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____

_____   _____
City                                   State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☑ More than 100,000

| Debtor | Prospect CharterCARE RWMC, LLC | Case number *(if known)* |
|---|---|---|
| | Name | |

| | | $0–$50,000 | $1,000,001–$10 million | $500,000,001–$1 billion |
|---|---|---|---|---|
| **15. Estimated assets** | | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
| | | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ■ $1,000,000,001–$10 billion |
| | | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** | | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
| | | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ■ $1,000,000,001–$10 billion |
| | | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  01/11/2025
MM / DD / YYYY

✗ *Paul Rundell*
Signature of authorized representative of debtor

Paul Rundell
Printed name

Title  Chief Restructuring Officer

**18. Signature of attorney**

✗  */s/ Thomas R. Califano*                      Date  01/11/2025
Signature of attorney for debtor                    MM  / DD / YYYY

Thomas R. Califano
Printed name

Sidley Austin LLP
Firm name

2021        McKinney Avenue, Suite 2000
Number        Street

Dallas                          TX        75201
City                             State      ZIP Code

(214) 981-3300                   tom.califano@sidley.com
Contact phone                    Email address

24122825                         TX
Bar number                        State

| Fill in this information to identify the case: |
| --- |
| United States Bankruptcy Court for the:<br>**Northern District of Texas**<br><span align="right">(State)</span> |
| Case number *(if known)*: _____ Chapter ___11___ |

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Northern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Prospect Medical Holdings, Inc.

- Prospect Medical Holdings, Inc.

- Coordinated Regional Care Group, LLC

- Prospect East Hospital Advisory Services, LLC

- Prospect Hospital Holdings, LLC

- Prospect East Holdings, Inc.

- Hospital Advisory Services, Inc.

- Alta Hospitals System, LLC

- Prospect NJ, Inc.

- Prospect CT, Inc.

- Prospect Penn, LLC

- Prospect Home Health and Hospice, LLC

- Prospect Health Ventures Holdings, LLC

- Prospect Provider Groups, LLC

- Prospect Ambulatory Holding, LLC

- PHS Holdings, LLC

- Prospect Integrated Behavioral Health, Inc.

- Prospect ACO Holdings, LLC

- Nix Hospitals System, LLC

- Nix Community General Hospital, LLC

- Nix SPE, LLC

Docusign Envelope ID: B9BB3620-95F2-4E6F-A20B-483G65A2E9E9

- Nix Physicians, Inc.

- Nix Services, LLC

- Prospect Nix Home Health and Hospice, LLC

- Prospect CharterCARE, LLC

- Alta Los Angeles Hospitals, Inc.

- Southern California Healthcare System, Inc.

- Prospect Oldco NJ, Inc.

- Prospect Crozer, LLC

- Prospect ECHN Home Health, Inc.

- Prospect Waterbury Home Health, Inc.

- Prospect Crozer Home Health and Hospice, LLC

- Prospect Management Services, LLC

- Prospect Ambulatory Surgery Centers, LLC

- Prospect Health Services CT, Inc.

- Prospect Health Services RI, Inc.

- Prospect Health Services PA, Inc.

- Prospect ACO Northeast, LLC

- Prospect Waterbury, Inc.

- Healthcare Staffing on Demand, LLC

- Prospect CT Management Services, Inc.

- Prospect ECHN, Inc.

- Prospect Caring Hand, Inc.

- Prospect Provider Group RI, LLC

- Prospect Provider Group NJ, LLC

- Prospect Provider Group CT, LLC

- Prospect Provider Group PA, LLC

- Prospect Crozer Ambulatory Surgery, LLC

- Prospect Waterbury Ambulatory Surgery, LLC

- Cardiology Associates of Greater Waterbury, P.C.

- Prospect CharterCARE RWMC, LLC

- Prospect CharterCARE SJHSRI, LLC

- Prospect CharterCARE Physicians, LLC

- Prospect Blackstone Valley Surgicare, LLC

- Prospect CCMC, LLC

- Prospect DCMH, LLC

- Prospect Crozer Urgent Care, LLC

- Prospect Health Access Network, Inc.

- Prospect Penn Health Club, LLC

- Prospect RI Home Health and Hospice, LLC

- New University Medical Group, LLC

- Prospect CharterCARE Home Health and Hospice, LLC

- Associates in Primary Care Medicine, Inc.

- Prospect ECHN Eldercare Services, Inc.

- Prospect Rockville Hospital, Inc.

- Prospect Manchester Hospital, Inc.

- Prospect CharterCARE Ancillary Services, LLC

- Prospect CT Medical Foundation, Inc.

Docusign Envelope ID: B9BB3620-95F2-4E5F-A20B-483C65A2F9E9

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PROSPECT CHARTERCARE RWMC, LLC, | ) | Case No. 25-_____(___) |
|  | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### LIST OF EQUITY SECURITY HOLDERS

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Prospect CharterCARE, LLC | 3824 Hughes Ave., Culver City, CA 90232 | 100% |

Docusign Envelope ID: B9BB9620-95F2-4F5F-A20B-483G65A2F9E9

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | Chapter 11 |
| PROSPECT CHARTERCARE RWMC, LLC, | Case No. 25-_____(___) |
| Debtor. |  |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Prospect CharterCARE, LLC | 100% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name: Prospect CharterCARE RWMC, LLC | |
| United States Bankruptcy Court for the:  Northern District of Texas | ☐ Check if this is an |
| Case number (If known): | amended filing |

<u>Official Form 204</u>

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Cerner Corporation 2800 Rock Creek Pkwy Kansas City, MO 64117 | Attn: David Feinberg Title: Chief Executive Officer Email: david.feinberg@oracle.com | Trade Payable / Promissory Note / Litigation | Contingent, Unliquidated, Disputed | | | $ 129,073,715 |
| 2 | MPT Operating Partnership LP 1000 Urban Center Drive Suite 501 Birmingham, AL 35242 | Attn: Edward K. Aldag, Jr. Title: President & Chief Executive Officer Email: ealdag@medicalpropertiestrust.com | Trade Payable / Lease Obligations | | | | $ 60,803,495 |
| 3 | California Dept. of Health Care Services 1700 K Street Unit 4 Sacramento, CA 95811 | Attn: John Birkmeyer, MD Title: President Email: john.birkmeyer@soundphysicians.com Phone: (916) 636-1980 | Hospital Quality Assurance Fee Program | | | | $ 43,915,976 |
| 4 | Center for Medicare & Medicaid Services 7500 Security Blvd. Baltimore, MD 21244 | Attn: Chiquita Brooks-LaSure Title: Administrator Email: chiquita.brooks-lasure@hhs.gov Phone: (410) 786-3000 | MAAPP Loans | Contingent, Unliquidated | | | $ 41,990,154 |
| 5 | Medline Industries Inc Three Lakes Drive Northfield, IL 60093 | Attn: Alex Liberman Title: Chief Legal Officer Email: aliberman@medline.com Phone: (847) 615-8083 | Trade Payable / Promissory Note | Unliquidated | | | $ 28,600,705 |
| 6 | Compass Group 2400 Yorkmont Road Charlotte, NC 28217 | Attn: Bobby Kutteh Title: Chief Executive Officer Email: bobby.kutteh@compass-usa.com | Trade Payable | | | | $ 12,849,596 |
| 7 | Stryker 1941 Stryker Way Portage, MI 49002 | Attn: Kevin Lobo Title: Chief Executive Officer Email: kevin.lobo@stryker.com Phone: (269) 385-2600 | Trade Payable | | | | $ 12,131,718 |
| 8 | R4 Solutions 10080 N. Wolfe Rd. SW3 200 Cupertino, CA 95014 | Attn: Amit Bhardwaj Title: Chief Executive Officer Email: amit.b@r4solutionsinc.com Phone: (415) 869-5779 | Trade Payable | | | | $ 11,175,706 |
| 9 | Expedient VMS LLC 26500 Agoura Road #102-365 Calabasas, CA 91302 | Attn: Jack Madha Title: Chief Executive Officer Email: jmadha@ernservices.com Phone: (213) 855-3939 | Trade Payable | | | | $ 9,907,710 |
| 10 | Aya Healthcare Inc 5930 Cornerstone Court West Suite 300 San Diego, CA 92121 | Attn: Alan Braynin Title: Chief Executive Officer Email: abraynin@ayahealthcare.com Phone: (858) 369-0576 | Trade Payable | | | | $ 5,934,066 |
| 11 | Allscripts Healthcare LLC 222 W. Merchandise Mart Plaza Chicago, IL 60654 | Attn: Tejal Vakharia Title: General Counsel Email: tejal.vakharia@allscripts.com | Trade Payable | | | | $ 5,389,632 |
| 12 | Microsoft Corporation 1 Microsoft Way Redmond, WA 98052 | Attn: Hossein Nowbar Title: Chief Legal Officer Email: hosseinn@microsoft.com | Trade Payable | | | | $ 4,801,985 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | State of California Emergency Medical Services Authority<br>11120 International Drive<br>2nd Floor<br>Rancho Cordova, CA 95670 | Attn: Elizabeth Basnett<br>Title: Director<br>Email: director@emsa.ca.gov<br>Phone: (916) 322-4336 | Trade Payable | | | | $ 4,538,868 |
| 14 | General Healthcare Resources, LLC<br>1 Valley Square<br>Suite 200<br>Blue Bell, PA 19422 | Attn: John Quirk<br>Title: Chief Executive Officer<br>Email: jquirk@ghresources.com<br>Phone: (214) 688-2430 | Trade Payable | | | | $ 3,190,955 |
| 15 | Sheppard Mullin Richter & Hampton LLP<br>350 South Grand Ave.<br>40th Floor<br>Los Angeles, CA 90071 | Attn: Polly Towill<br>Title: Partner<br>Email: ptowill@sheppardmullin.com<br>Phone: (213) 617-5480 | Trade Payable | | | | $ 3,155,885 |
| 16 | Optum, Inc.<br>11000 Optum Circle<br>Eden Prairie, MN 55344 | Attn: Heather Cianfrocco<br>Title: Chief Executive Officer<br>Email: heather.cianfrocco@optum.com | Trade Payable | | | | $ 3,114,307 |
| 17 | McKesson<br>6555 State Hwy 161<br>Irving, TX 75039 | Attn: Michele Lau<br>Title: Chief Legal Officer<br>Email: michele.lau@mckesson.com<br>Phone: (972) 446-4800 | Trade Payable | | | | $ 3,008,700 |
| 18 | ArganoNorthPoint<br>6100 W. Plano Parkway<br>Suite 1800<br>Plano, TX 75093 | Attn: Chip Register<br>Title: Chief Executive Officer<br>Email: chip.register@argano.com<br>Phone: (925) 944-5066 | Trade Payable | | | | $ 2,899,255 |
| 19 | Johnson & Johnson<br>1 Johnson & Johnson Plaza<br>New Brunswick, NJ 08933 | Attn: Elizabeth Forminard<br>Title: General Counsel<br>Email: eforminard@jnj.com | Trade Payable | | | | $ 2,856,994 |
| 20 | Legacy ECHN, Inc.<br>71 Haynes Street<br>Manchester, CT 06040 | Attn: Kevin Smith<br>Title: Partner<br>Email: ksmith@wiggin.com<br>Phone: (203) 498-4579 | Medicare Related Costs | | | | $ 2,777,627 |
| 21 | Wizpro Inc<br>5900 South Lake Forest Drive<br>Suite 300<br>McKinney, TX 75070 | Attn: Ekta Sharma<br>Title: Vice President<br>Phone: (210) 212-1141 | Trade Payable | | | | $ 2,672,626 |
| 22 | FinThrive Inc<br>7950 Legacy Drive<br>Suite 900<br>Plano, TX 75024 | Attn: Hemant Goel<br>Title: President & Chief Executive Officer<br>Email: ceohemantgoel@finthrive.com | Trade Payable | | | | $ 2,657,018 |
| 23 | Sound Physicians<br>1498 Pacific Avenue<br>Suite 500<br>Tacoma, WA 98402 | Attn: Jeff Alter<br>Title: Chief Executive Officer<br>Email: jeff.alter@soundphysicians.com<br>Phone: (855) 768-6363 | Trade Payable | | | | $ 2,429,959 |
| 24 | EPM<br>30900 Rancho Viejo Road<br>Suite 150<br>San Juan Capistrano, CA 92675 | Attn: Gavin O'Reilly<br>Title: Chief Solutions Officer<br>Email: gavin.oreilly@goepm.com | Trade Payable | | | | $ 2,361,642 |
| 25 | Bella Vista Medical Group, Inc.<br>15301 Ventura Blvd.<br>Building D #200<br>Sherman Oaks, CA 91403 | Attn: Vijay Dhawan<br>Title: President<br>Phone: (217) 700-0390 | Capitation Agreement Fees | | | | $ 2,330,609 |
| 26 | Pension Benefit Guaranty Corporation<br>445 12th Street SW<br>Washington, DC 20024-2101 | Attn: Karen Morris<br>Title: General Counsel<br>Email: karen.morris@pbgc.gov<br>Phone: (202) 326-4000 | Union Obligations | Contingent, Unliquidated | | | Undetermined |
| 27 | Internal Revenue Service<br>300 N. Los Angeles St.<br>Los Angeles, CA 90012 | Attn: Centralized Insolvency Operation<br>Phone: (213) 576-3140 | CARES Act Deferred FICA Tax Liabilities | | | | Undetermined |
| 28 | State of Connecticut, Department of Revenue Services<br>450 Columbus Blvd.<br>Suite 1<br>Hartford, CT 06103 | Attn: Mark D. Boughton<br>Title: Commissioner<br>Email: mark.boughton@ct.gov<br>Phone: (860) 297-5962 | Provider Taxes | Contingent, Unliquidated, Disputed | | | Undetermined |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If the claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 Change Healthcare, Inc. 2771 Momentum Place Chicago, IL 60689-5327 | Attn: Neil de Crescenzo Title: President & Chief Executive Officer Email: ndecrescenzo@changehealthcare.com | Receivable Advances / Trade Payable | Contingent, Unliquidated | | | Undetermined |
| 30 L.A. Care Health Plan 1200 W. 7th Street Los Angeles, CA 90017 | Attn: Augustavia Haydel Title: General Counsel Email: ahaydel@lacare.org | Hospital Quality Assurance Fee Program Advance | Contingent, Unliquidated | | | Undetermined |

**PROSPECT MEDICAL HOLDINGS, INC.**

**COORDINATED REGIONAL CARE GROUP, LLC**

**PROSPECT EAST HOSPITAL ADVISORY SERVICES, LLC**

**PROSPECT HOSPITAL HOLDINGS, LLC**

**PROSPECT EAST HOLDINGS, INC.**

**HOSPITAL ADVISORY SERVICES, INC.**

**ALTA HOSPITALS SYSTEM, LLC**

**PROSPECT NJ, INC.**

**PROSPECT CT, INC.**

**PROSPECT PENN, LLC**

**PROSPECT HOME HEALTH AND HOSPICE, LLC**

**PROSPECT HEALTH VENTURES HOLDINGS, LLC**

**PROSPECT PROVIDER GROUPS, LLC**

**PROSPECT AMBULATORY HOLDING, LLC**

**PHS HOLDINGS, LLC**

**PROSPECT INTEGRATED BEHAVIORAL HEALTH, INC.**

**PROSPECT ACO HOLDINGS, LLC**

**NIX HOSPITALS SYSTEM, LLC**

**NIX COMMUNITY GENERAL HOSPITAL, LLC**

**NIX SPE, LLC**

**NIX PHYSICIANS, INC.**

**NIX SERVICES, LLC**

**PROSPECT NIX HOME HEALTH AND HOSPICE, LLC**

**PROSPECT CHARTERCARE, LLC**

**ALTA LOS ANGELES HOSPITALS, INC.**

**SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC.**

**PROSPECT OLDCO NJ, INC.**

**PROSPECT CROZER, LLC**

**PROSPECT ECHN HOME HEALTH, INC.**

**PROSPECT WATERBURY HOME HEALTH, INC.**

**PROSPECT CROZER HOME HEALTH AND HOSPICE, LLC**

**PROSPECT MANAGEMENT SERVICES, LLC**

**PROSPECT AMBULATORY SURGERY CENTERS, LLC**

**PROSPECT HEALTH SERVICES CT, INC.**

**PROSPECT HEALTH SERVICES RI, INC.**

**PROSPECT HEALTH SERVICES PA, INC.**

**PROSPECT ACO NORTHEAST, LLC**

**PROSPECT WATERBURY, INC.**

**HEALTHCARE STAFFING ON DEMAND, LLC**

**PROSPECT CT MANAGEMENT SERVICES, INC.**

**PROSPECT ECHN, INC.**

**PROSPECT CARING HAND, INC.**

**PROSPECT PROVIDER GROUP RI, LLC**

**PROSPECT PROVIDER GROUP NJ, LLC**

**PROSPECT PROVIDER GROUP CT, LLC**

**PROSPECT PROVIDER GROUP PA, LLC**

**PROSPECT CROZER AMBULATORY SURGERY, LLC**

**PROSPECT WATERBURY AMBULATORY SURGERY, LLC**

**CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, P.C.**

**PROSPECT CHARTERCARE RWMC, LLC**

**PROSPECT CHARTERCARE SJHSRI, LLC**

**PROSPECT CHARTERCARE PHYSICIANS, LLC**

**PROSPECT BLACKSTONE VALLEY SURGICARE, LLC**

**PROSPECT CCMC, LLC**

**PROSPECT DCMH, LLC**

**PROSPECT CROZER URGENT CARE, LLC**

**PROSPECT HEALTH ACCESS NETWORK, INC.**

**PROSPECT PENN HEALTH CLUB, LLC**

**PROSPECT RI HOME HEALTH AND HOSPICE, LLC**

**NEW UNIVERSITY MEDICAL GROUP, LLC**

**PROSPECT CHARTERCARE HOME HEALTH AND HOSPICE, LLC**

**ASSOCIATES IN PRIMARY CARE MEDICINE, INC.**

**PROSPECT ECHN ELDERCARE SERVICES, INC.**

**PROSPECT ROCKVILLE HOSPITAL, INC.**

**PROSPECT MANCHESTER HOSPITAL, INC.**

**PROSPECT CHARTERCARE ANCILLARY SERVICES, LLC**

**PROSPECT CT MEDICAL FOUNDATION, INC.**

January 11, 2025

I, Frank Saidara, Secretary of each entity set forth on **Schedule I** attached hereto (the "Companies"), do hereby certify the following:

1.   I am the duly qualified and appointed Secretary of each of the Companies.

2.   Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the respective boards of directors, boards of managers, sole members, managers or the managing members, as applicable (each, a "Governing Body") of each Company acting pursuant to its respective bylaws or limited liability company agreement (as amended, amended and restated, modified, supplemented, or replaced from time to time, the "Governing Documents").

3.   The Resolutions are not inconsistent with the Governing Documents.

4.      The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

By: _____

Name:  Frank Saidara

Title:   Secretary

**EXHIBIT A**

### OMNIBUS WRITTEN CONSENT
### OF THE BOARD OF DIRECTORS, MANAGERS,
### MEMBERS, OR OTHER SIMILAR GOVERNING BODY,
### AS APPLICABLE, OF PROSPECT MEDICAL HOLDINGS, INC. AND
### EACH OF THE COMPANIES SET FORTH ON SCHEDULE I ATTACHED HERETO

January 11, 2025

THE UNDERSIGNED, being all, or a majority, of the members of the board of managers (as applicable), all the members of the board of directors, the sole manager or the sole member, as (each, a "Governing Body" and collectively, the "Governing Bodies") of each entity set forth on **Schedule I** attached hereto (each, a "Company" and, collectively, the "Companies") do hereby consent to, adopt and approve by written consent the following resolutions and each and every action effected thereby with the same force and effect as if they had been adopted at duly convened meetings of the Governing Bodies, and direct that this written consent be filed with the minutes of the proceedings of the relevant Governing Body:

WHEREAS, each Governing Body has considered certain materials presented by, or on behalf of, each Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Companies, the strategic alternatives available to the Companies, and the impact of the foregoing on each Company's business and the business of each Company's affiliates;

WHEREAS, each Governing Body has reviewed and considered presentations by Management and the Advisors of each Company regarding the advantages and disadvantages of filing a voluntary petition for relief (the "Bankruptcy Petition") for each Company pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

WHEREAS, each Governing Body has had adequate opportunity to consult with its Management and the Advisors regarding the materials presented, to obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

WHEREAS, each Governing Body has determined, in the judgment of each Governing Body, that the following resolutions are advisable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

<u>Voluntary Petition for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief</u>

NOW, THEREFORE, BE IT RESOLVED, that each Governing Body has considered its fiduciary duties under applicable law in exercising their powers and discharging its duties, to act honestly and in good faith with a view to the best interests of each Company as a whole, and to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of such Company, its interest holders, its subsidiaries, its creditors, and other

parties in interest that the Company shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petition for the Company under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements of the Company's governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petition; and

RESOLVED FURTHER, that any director or duly appointed officer of each Company, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the Company and its subsidiaries all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of such Company or any of its subsidiaries;

Retention of Professionals

RESOLVED FURTHER, that each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of each Company: (1) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (2) the firm of Alvarez & Marsal North America, LLC ("A&M"), as financial advisor; (3) Houlihan Lokey, Inc., as investment banker; (4) Omni Agent Solutions, Inc., as claims, noticing, and solicitation agent; and (5) and any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist such Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of each Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

Appointment of Chief Restructuring Officer

RESOLVED FURTHER, that Mr. Paul Rundell, be and hereby is, appointed the Chief Restructuring Officer of the Companies, as of the date hereof, in accordance with the terms and conditions of the engagement letter entered into between Prospect Medical Holdings, Inc. and A&M, which terms and conditions shall be and are hereby incorporated by reference;

RESOLVED FURTHER, that Mr. Paul Rundell, be and hereby is, authorized to execute and file on behalf of the Companies all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that Mr. Rundell deems necessary or proper to obtain relief for the Companies, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Companies, and shall be deemed to have such other powers

as any Authorized Person is delegated by the governing bodies of the Companies pursuant to these resolutions pertaining to the voluntary petition for relief under chapter 11 of title 11 of the United State Code and other applicable bankruptcy or non-bankruptcy law;

<u>Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection</u>

RESOLVED FURTHER, that each Company will obtain benefits, as necessary or convenient to the conduct, promotion, maintenance, and attainment of the business of each Company, from (1) the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), to the extent applicable, which is security for prepetition secured lenders and their respective agents (collectively, the "<u>Secured Parties</u>"), if any, and (2) the incurrence of a $100 million priming, senior secured superpriority debtor-in-possession term loan facility on the terms set forth in that certain debtor-in-possession financing term sheet (the "<u>DIP Term Sheet</u>"), by and among the Companies, as the borrower, and JMB Capital Partners Lending, LLC and/or its designees or its assignees, as the lender from time to time party thereto, which shall include a new money term loan facility in the aggregate amount of $100 million (the "<u>DIP Facility</u>");

RESOLVED FURTHER, that in order to use and obtain the benefits of the DIP Facility and any Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will grant and allow perfection of certain liens and other security interests in favor of and for the benefit of the Secured Parties (the "<u>Adequate Protection Obligations</u>"), as documented in a proposed interim order (the "<u>DIP Order</u>") to be filed with the Bankruptcy Court;

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Facility be, and hereby are, in all respects approved on the terms and conditions substantially similar to those set forth in the form of DIP Documents (as defined below) previously provided and/or described to the Governing Bodies, and each Company is authorized and empowered to (a) enter into the DIP Facility, subject to approval by the Bankruptcy Court, and (b) seek entry of the DIP Order and any other such order authorizing entry into, and consummation of, the DIP Facility and the DIP Documents (as defined below);

RESOLVED FURTHER, that the form, terms, and provisions of the DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of (a) the DIP Order and the DIP Facility, (b) such other agreements, certificates, instruments, notices, receipts, recordings, filings, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement (collectively, with the DIP Order and the DIP Facility, the "<u>DIP Documents</u>"), and (c) any amendments or modifications to the DIP Documents (with such changes, modifications, additions, deletions, and amendments thereto as any Authorized Person in his or her sole discretion shall deem required, necessary, appropriate, desirable or advisable), the approval of which shall be conclusively established by the

execution and delivery thereof;

RESOLVED FURTHER, that each Company, as debtor and debtor in possession under the Bankruptcy Code, upon filing of the Bankruptcy Petitions, be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "DIP Transactions"), including the guaranty of the obligations thereunder and the granting of liens on substantially all of its assets to secure such obligations;

RESOLVED FURTHER, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the agents under the DIP Facility (the "DIP Agents") to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation, and any necessary assignments for security or other documents in the name of each Company that the DIP Agents deems necessary or appropriate to perfect any lien or security interest granted under the DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agents may reasonably request to perfect the security interests of the DIP Agents under the DIP Order;

RESOLVED FURTHER, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Documents, which shall in their sole judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the DIP Order or any of the other DIP Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

Approval of Asset Purchase Agreement and Authorization of Additional Sale Processes

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that certain of the Companies be, and hereby are, authorized to enter into that certain Asset Purchase Agreement (the "RI Purchase Agreement") with Centurion Foundation, Inc. and the other buyers listed therein (collectively, the "Buyer"), pursuant to which, among other things, such Companies will sell, transfer, assign, convey and deliver substantially all of the assets relating to the Roger Williams Medical Center and Our Lady of Fatima Medical Center in Rhode Island to the Buyer, upon the terms and subject to the conditions set forth in the RI Purchase Agreement, and (ii) negotiate, execute, and enter into, all required documentation to consummate such sale transaction (the "RI Sale Transaction");

RESOLVED FURTHER, that each Company, with the assistance of its Advisors, is

authorized to conduct a fulsome marketing and sale process, including contacting, discussing, negotiating, and soliciting offers from potential bidders, including conducting any auction (if any) in connection therewith, in order to receive the highest or otherwise best offer for the potential sale of the Companies' remaining assets (collectively, the "Additional Sale Processes");

RESOLVED FURTHER, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its interest holders, its subsidiaries, its creditors, and other parties in interest that each Company be, and hereby is, authorized to negotiate, execute, and enter into, all required documentation to consummate sale transactions related to the Additional Sales Processes (together with the RI Sale Transaction, collectively, the "Sale Transactions") (including any asset purchase agreements or any other agreements or documents evidencing any such sale (together with the RI Purchase Agreement, collectively, the "Purchase Agreements")), with such changes, additions, and modifications thereto as an Authorized Person shall approve;

RESOLVED FURTHER, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company, authorized, directed and empowered to seek entry of an order or orders authorizing entry into any Purchase Agreements and consummation of the Sale Transactions contemplated thereby, all substantially in accordance with documents that have been presented or will be presented to the Governing Bodies and/or filed with the Bankruptcy Court, subject to such modifications thereto as the Governing Bodies or Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

RESOLVED FURTHER, that each of the Authorized Persons be, and hereby is, authorized and empowered to take any and all actions necessary or advisable to advance each Company's rights and obligations under any Purchase Agreement and/or the Sale Process, including filing of additional pleadings with the Bankruptcy Court; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

RESOLVED FURTHER, each Governing Body hereby authorizes, adopts, approves, ratifies and confirms the Sale Transactions and each Company's entry into the Purchase Agreements, and each of the documents and agreements contemplated under any Purchase Agreement (the "Transaction Documents") to which the Company is a party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the Sale Transactions contemplated thereby;

RESOLVED FURTHER, that each Authorized Person hereby is authorized and empowered to execute and deliver any Purchase Agreements, any Transaction Documents and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which each Company is to be a party or as are necessary or appropriate to consummate the Sale Transactions contemplated by any Purchase Agreements and the Transaction Documents, in the name and on behalf of each Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such

5

Authorized Person's approval of any such additions, deletions or changes); and

RESOLVED FURTHER, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's Governing Documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company relating to any Purchase Agreements and the Transaction Documents;

<u>Further Actions and Prior Actions</u>

RESOLVED FURTHER, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of each Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the matters authorized herein;

RESOLVED FURTHER, that each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

RESOLVED FURTHER, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as each Company itself may lawfully do, in accordance with its Governing Documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

RESOLVED FURTHER, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice; and

RESOLVED FURTHER, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

*[Signature Pages to Follow]*

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

Board of Directors

**PROSPECT MEDICAL HOLDINGS, INC.**

_____

Samuel S. Lee

_____

David Topper

_____

Mitchell Lew, M.D.

_____

Von Crockett

_____

Alan Carr

_____

Jeremy Rosenthal

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Member</u>

**COORDINATED REGIONAL CARE GROUP, LLC**

**PROSPECT EAST HOSPITAL ADVISORY SERVICES, LLC**

**PROSPECT HOSPITAL HOLDINGS, LLC**

**PROSPECT PENN, LLC**

**PROSPECT HOME HEALTH AND HOSPICE, LLC**

**PROSPECT HEALTH VENTURES HOLDINGS, LLC**

**PROSPECT PROVIDER GROUPS, LLC**

**PROSPECT AMBULATORY HOLDING, LLC**

**PHS HOLDINGS, LLC**

**PROSPECT ACO HOLDINGS, LLC**

**NIX HOSPITALS SYSTEM, LLC**

**NIX COMMUNITY GENERAL HOSPITAL, LLC**

**NIX SPE, LLC**

_Von Crockett_
_____
Von Crockett

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Member</u>

**NIX PHYSICIANS, INC.**

**PROSPECT NIX HOME HEALTH AND HOSPICE, LLC**

**PROSPECT CHARTERCARE, LLC**

**PROSPECT CROZER, LLC**

**PROSPECT CROZER HOME HEALTH AND HOSPICE, LLC**

**PROSPECT MANAGEMENT SERVICES, LLC**

**PROSPECT AMBULATORY SURGERY CENTERS, LLC**

**HEALTHCARE STAFFING ON DEMAND, LLC**

**PROSPECT PROVIDER GROUP RI, LLC**

**PROSPECT PROVIDER GROUP CT, LLC**

**PROSPECT PROVIDER GROUP PA, LLC**

**PROSPECT PROVIDER GROUP NJ, LLC**

_Von Crockett_

_____

Von Crockett

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Member</u>

**PROSPECT CROZER AMBULATORY SURGERY, LLC**

**PROSPECT WATERBURY AMBULATORY SURGERY, LLC**

**CARDIOLOGY ASSOCIATES OF GREATER WATERBURY, P.C.**

**PROSPECT CHARTERCARE RWMC, LLC**

**PROSPECT CHARTERCARE SJHSRI, LLC**

**PROSPECT CHARTERCARE PHYSICIANS, LLC**

**PROSPECT BLACKSTONE VALLEY SURGICARE, LLC**

**PROSPECT CCMC, LLC**

**PROSPECT DCMH, LLC**

**PROSPECT CROZER URGENT CARE, LLC**

**PROSPECT PENN HEALTH CLUB, LLC**

**PROSPECT RI HOME HEALTH AND HOSPICE, LLC**

_Von Crockett_

_____
Von Crockett

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Member</u>

**NEW UNIVERSITY MEDICAL GROUP, LLC**

**PROSPECT CHARTERCARE HOME HEALTH AND HOSPICE, LLC**

**PROSPECT ACO NORTHEAST, LLC**

**PROSPECT CHARTERCARE ANCILLARY SERVICES, LLC**

**PROSPECT CT MEDICAL FOUNDATION, INC.**

**ASSOCIATES IN PRIMARY CARE MEDICINE, INC**

_____
Von Crockett

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Boards of Directors</u>

**PROSPECT EAST HOLDINGS, INC.**

**PROSPECT NJ, INC.**

**PROSPECT CT, INC.**

**ALTA LOS ANGELES HOSPITALS, INC.**

**PROSPECT INTEGRATED BEHAVIORAL HEALTH, INC.**

**SOUTHERN CALIFORNIA HEALTHCARE SYSTEM, INC.**

**PROSPECT ECHN HOME HEALTH, INC.**

**PROSPECT WATERBURY HOME HEALTH, INC.**

**PROSPECT HEALTH SERVICES CT, INC.**

**PROSPECT HEALTH SERVICES RI, INC.**

**PROSPECT HEALTH SERVICES PA, INC.**

_____
Von Crockett

_____
David Topper

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>As Boards of Directors</u>

**PROSPECT CT MANAGEMENT SERVICES, INC.**

**PROSPECT ECHN, INC.**

**PROSPECT CARING HAND, INC.**

**PROSPECT HEALTH ACCESS NETWORK, INC.**

**PROSPECT ROCKVILLE HOSPITAL, INC.**

**PROSPECT MANCHESTER HOSPITAL, INC.**

**PROSPECT ECHN ELDERCARE SERVICES, INC.**

**PROSPECT OLDCO NJ, INC**

_____
Von Crockett

_____
David Topper

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

As Boards of Manager

**ALTA HOSPITALS SYSTEM, LLC**

_____
Von Crockett

_____
David Topper

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>Board of Directors</u>

**PROSPECT WATERBURY, INC.**

_____
Samuel S. Lee

_____
David Topper

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

<u>Board of Directors</u>

**HOSPITAL ADVISORY SERVICES, INC.**

_Samuel Lee_

Samuel S. Lee

**IN WITNESS WHEREOF**, the undersigned have executed this written consent as of the date first set forth above. This unanimous written consent may be signed by facsimile or other electronic means, with any such signature being of the same force and effect as an original signature, and in multiple counterparts, all of which will constitute one document.

Manager

**NIX SERVICES, LLC**

_Samuel Lee_

Samuel S. Lee

Member

**NIX SERVICES, LLC**

_Von Crockett_

Von Crockett

## <u>SCHEDULE I</u>

| **Entity Name** |
|---|
| Coordinated Regional Care Group, LLC |
| Prospect East Hospital Advisory Services, LLC |
| Prospect Hospital Holdings, LLC |
| Prospect East Holdings, Inc. |
| Hospital Advisory Services, Inc. |
| Alta Hospitals System, LLC |
| Prospect NJ, Inc. |
| Prospect CT, Inc. |
| Prospect Penn, LLC |
| Prospect Home Health and Hospice, LLC |
| Prospect Health Ventures Holdings, LLC |
| Prospect Provider Groups, LLC |
| Prospect Ambulatory Holding, LLC |
| PHS Holdings, LLC |
| Prospect Integrated Behavioral Health, Inc. |
| Prospect ACO Holdings, LLC |
| Nix Hospitals System, LLC |
| Nix Community General Hospital, LLC |
| Nix SPE, LLC |
| Nix Physicians, Inc. |
| Nix Services, LLC |
| Prospect Nix Home Health and Hospice, LLC |
| Prospect CharterCARE, LLC |
| Alta Los Angeles Hospitals, Inc. |
| Southern California Healthcare System, Inc. |
| Prospect Oldco NJ, Inc. |
| Prospect Crozer, LLC |
| Prospect ECHN Home Health, Inc. |
| Prospect Waterbury Home Health, Inc. |

| |
|---|
| Prospect Crozer Home Health and Hospice, LLC |
| Prospect Management Services, LLC |
| Prospect Ambulatory Surgery Centers, LLC |
| Prospect Health Services CT, Inc. |
| Prospect Health Services RI, Inc. |
| Prospect Health Services PA, Inc. |
| Prospect ACO Northeast, LLC |
| Prospect Waterbury, Inc. |
| Healthcare Staffing on Demand, LLC |
| Prospect CT Management Services, Inc. |
| Prospect ECHN, Inc. |
| Prospect Caring Hand, Inc. |
| Prospect Provider Group RI, LLC |
| Prospect Provider Group NJ, LLC |
| Prospect Provider Group CT, LLC |
| Prospect Provider Group PA, LLC |
| Prospect Crozer Ambulatory Surgery, LLC |
| Prospect Waterbury Ambulatory Surgery, LLC |
| Cardiology Associates of Greater Waterbury, P.C. |
| Prospect CharterCARE RWMC, LLC |
| Prospect CharterCARE SJHSRI, LLC |
| Prospect CharterCARE Physicians, LLC |
| Prospect Blackstone Valley Surgicare, LLC |
| Prospect CCMC, LLC |
| Prospect DCMH, LLC |
| Prospect Crozer Urgent Care, LLC |
| Prospect Health Access Network, Inc. |
| Prospect Penn Health Club, LLC |
| Prospect RI Home Health and Hospice, LLC |
| New University Medical Group, LLC |
| Prospect CharterCARE Home Health and Hospice, LLC |
| Associates in Primary Care Medicine, Inc. |

| |
|---|
| Prospect ECHN Eldercare Services, Inc. |
| Prospect Rockville Hospital, Inc. |
| Prospect Manchester Hospital, Inc. |
| Prospect CharterCARE Ancillary Services, LLC |
| Prospect CT Medical Foundation, Inc. |

Fill in this information to identify the case and this filing:

Debtor   Name   Prospect CharterCARE RWMC, LLC

Bankruptcy Court for the: _____ Northern _____ District of _____ Texas
                                                                  (State)

Case number (*If known*): _____

---

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration  List of Equity Security Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   01/11/2025          ✖ /s/   *Paul Rundell*
             MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                      Paul Rundell
                                      Printed name

                                      Chief Restructuring Officer
                                      Position or relationship to debtor